UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SENAYDA RECINOS,<br><br>Plaintiff,<br><br>-against-<br><br>CITY OF NEW YORK and NYPD OFFICERS JOHN DOE 1 through 10 (the name John Doe being fictitious, as their true names are presently unknown), individually and in their official capacities,<br><br>Defendants. | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>23-CV-6798 |

1. Plaintiff Senayda Recinos ("Plaintiff"), through her attorney, Joe Stancati, Esq., brings this action for compensatory damages, punitive damages and attorneys' fees for the wrongful and illegal acts of Defendants CITY OF NEW YORK ("CITY") and NYPD OFFICERS JOHN DOE 1 through 10 (collectively, "DEFENDANTS"), in violation of Plaintiff's rights under the laws and Constitution of the United States of America.

**NATURE OF THE ACTION**

2. This is an action to recover money damages on Plaintiff's behalf arising out of DEFENDANTS' violation of Plaintiff's rights upheld by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

## JURISDICTION AND VENUE

3. This action seeks redress for the violation of Plaintiff's constitutional and civil rights, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

4. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff resides in the County of Queens, in the City and State of New York.

8. The events pertinent to this action including the precipitating incident occurred in Astoria in Queens County.

9. Defendant CITY is a municipal corporation organized under the laws of the State of New York. Defendant CITY is authorized by law to maintain and operate the NYPD, an agency of Defendant CITY in the area of law enforcement. Defendant CITY is thereby responsible for the actions of the NYPD. The NYPD is responsible for the training, appointment, supervision, promotion and discipline of police officers and supervisory police officers, including the individually-named defendants herein.

10. Defendants NYPD OFFICERS JOHN DOE 1 through 10, at all pertinent times, were carrying out their official duties as police officers, detectives, sergeants or supervisors employed by the NYPD, with the authority attendant to those positions, under

color of state law. Those Defendants are sued in their individual and official capacities.

## FACTS

11. Plaintiff is 26 year-old woman of Hispanic descent who lives in Queens County in the City and State of New York.

12. Plaintiff has never been convicted of any crime.

13. On September 12, 2020, at about 11:00 p.m., Plaintiff was lawfully present as a passenger in a car that was legally parked at or around 8-01 Astoria Blvd, Long Island City, NY 11102.

14. The other occupants of the car were friends or acquaintances of Plaintiff's; one man who was also of Hispanic descent (the driver), and two Black men.

15. Plaintiff had been intending to purchase a bottled water at the deli at or near that address.

16. At said time and place, without any provocation, justification, consent or probable cause, Defendant NYPD OFFICERS JOHN DOE 1 through 4 approached the car.

17. Defendant JOHN DOE 1, a white man, approached the driver's side door and ordered him to exit the vehicle, along with all of the other occupants, including Plaintiff.

18. The occupants exited the vehicle as ordered.

19. Another four police officers, Defendant NYPD OFFICERS JOHN DOE 4 through 8, arrived at the scene.

20. Upon inquiry Defendant JOHN DOE 1 told the driver that he had observed the driver run a red light, which was false.

21. Defendants JOHN DOE 2 through 4, along with Defendant JOHN DOE 1,

conducted body searches of the occupants.

22. Despite her being female, Plaintiff was body-searched by Defendant JOHN DOE 2, a white man.

23. Defendant JOHN DOE 2 told Plaintiff to lift up her shirt, and then patted her down.

24. Plaintiff thereby felt physically violated and humiliated, as this occurred on the street in plain public view.

25. At that point, Defendants JOHN DOE 1 through 8 had effected a false arrest of all of the occupants, including Plaintiff, as they were stopped and subjected to body searched without any provocation, justification, consent or probable cause.

26. Defendant JOHN DOE 3, a white man, without any provocation, justification, consent or probable cause, searched a bag belonging to Plaintiff and found a flashlight that contained a taser.

27. Defendants JOHN DOE 1 through 8 then handcuffed Plaintiff and transported her to the 114th Precinct.

28. Plaintiff was charged with possessing a taser and transported to a central booking facility to be processed.

29. Plaintiff was arraigned on said charge and released following day, September 13, 2020.

30. None of the other three occupants of the car had been handcuffed, arrested or charged with any crime.

31. Said Defendants' false arrest against Plaintiff caused her to suffer the emotional injuries of being humiliated and feeling violated in public after Defendant JOHN

DOE 2 ordered her to lift up her shirt and then patted her down.

32. Defendants' actions caused Plaintiff to suffer from increased fear of the law enforcement officers charged with enforcing the law and protecting citizens, an injury that persists to the present.

## FIRST CLAIM
### False Arrest under 42 U.S.C. § 1983.

33. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

34. As a result of the aforementioned conduct by NYPD OFFICERS JOHN DOE 1 through 10, Plaintiff was subjected to an illegal, improper, and false arrest, taken into custody, and falsely detained, confined and imprisoned by said Defendants, without any probable cause, privilege or consent.

35. Said Defendants' actions were intentional, willful, malicious, egregious, grossly reckless, gratuitous, unconscionable and unprovoked.

36. As a direct and proximate result of the foregoing, said Defendants deprived Plaintiff of her liberty and Plaintiff was at all times aware of her confinement. Plaintiff was subjected to handcuffing and incarceration without probable cause.

37. As a direct and proximate result of her false arrest, Plaintiff was subjected to humiliation, embarrassment and disgrace within her community.

38. As a direct and proximate result of her false arrest and the pat-down by a male officer, Plaintiff suffered from feeling violated, ongoing mental and emotional torment, and public humiliation and embarrassment.

39. Said Defendants carried out the aforementioned acts under color of state law.

40. This false arrest of Plaintiff without probable cause or reasonable suspicion deprived Plaintiff of rights secured by Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

41. Said Defendants' actions were intentional, wanton, malicious, reckless, and oppressive and entitle Plaintiff to an award of punitive damages.

42. Said Defendants are liable, in their individual and official capacities, for compensatory and punitive damages, in amounts to be determined at trial.

## SECOND CLAIM
### Failure to Intervene under 42 U.S.C. § 1983.

43. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

44. Any named Defendant NYPD officers, including Defendants NYPD OFFICERS JOHN DOE 1 through 8, who were present during the incident but did not actively participate in the unlawful conduct described herein, did observe and have an opportunity to prevent such conduct, and therefore had an affirmative duty to intervene on behalf of Plaintiff to prevent the other named Defendant NYPD officers from violating Plaintiff's rights under New York State law and the laws and Constitution of the United States of America.

45. Any such Defendants who were not so actively participating failed to so intervene.

46. As a direct and proximate result of said Defendants' abdication of their affirmative duty to so intervene on behalf of Plaintiff, Plaintiff was deprived of her liberty

and Plaintiff suffered from feeling violated, ongoing mental and emotional torment, and public humiliation and embarrassment.

47. Said Defendants' abdication of such occurred while they were charged with carrying out their official duties, i.e., under color of state law.

48. Said abdication deprived Plaintiff of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983, for which said Defendants are individually liable.

49. Said Defendants are liable, in their individual and official capacities, for compensatory damages, in amounts to be determined at trial.

## THIRD CLAIM
## Municipal Liability under 42 U.S.C. § 1983.

50. Plaintiff repeats every allegation contained in the preceding paragraphs as if fully set forth herein.

51. The named Defendant NYPD officers' actions alleged herein deprived Plaintiff of the rights, privileges, and immunities guaranteed to her by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, in violation of 42 U.S.C. § 1983.

52. Said actions were committed while they were carrying out their official duties as police officers, detectives, sergeants or supervisors employed by the NYPD, with the authority attendant to those positions, under color of state law.

53. Said actions were committed pursuant to the customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD, all under the supervision of ranking officers of the NYPD.

54. Said customs, policies, usages, practices, procedures, and rules of

Defendant CITY and the NYPD include detaining and arresting people of minority races, specifically people who are African-American or Hispanic, without probable cause or reasonable suspicion in a disproportionately higher number than people who are white, in relation to the percentages of the New York City population represented by said races. This is in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

55. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD produced a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

56. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the direct and proximate cause of the constitutional violations inflicted upon Plaintiff, and the injuries suffered by her, as alleged herein.

57. Said customs, policies, usages, practices, procedures, and rules of Defendant CITY and the NYPD were the moving force behind said constitutional violations.

58. The named Defendant NYPD officers, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff's constitutional rights.

59. The named Defendant NYPD officers, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

60. All of the foregoing acts by DEFENDANTS deprived Plaintiff of federally-

protected rights, including, *inter alia*, the right:

   a. To be free from search, seizure, arrest, and imprisonment not based upon reasonable suspicion or probable cause;

   b. To be free from being subjected to a humiliating public search of her body by a male police officer; and

   c. To be free from deprivation of liberty without due process of law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against DEFENDANTS as follows:

1. Compensatory damages against all DEFENDANTS, jointly and severally;

2. Punitive damages against Defendant NYPD OFFICERS JOHN DOE 1 through 10, jointly and severally;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Court deems just and proper.

Dated: September 12, 2023
New York, NY

Respectfully,

_____

**Law Office of Joe Stancati**
305 Broadway, FL 7
New York, NY 10007
212-858-9205
joe@stancati-law-nyc.com

*Attorney for Plaintiff*